IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:23-cv-20-TBM-RPM

$12,200.00 U.S CURRENCY                                                              DEFENDANT PROPERTY

## DEFAULT JUDGMENT OF FORFEITURE

Before this Court is Plaintiff United States of America's Motion for Default Judgment of Forfeiture [10].  Having considered the motion and the relevant statutes and jurisprudence in this matter, this Court finds that the relief the United States seeks has merit and should be granted. This Court further finds and adjudicates as follows:

1.      On August 2, 2022, the Drug Enforcement Administration ("DEA") seized $12,200.00 U.S. Currency from Cigifredo Rosales-Valenzuela.  The DEA initiated administrative forfeiture proceedings against the U.S. Currency, and on November 2, 2022, Rosales-Valenzuela filed an administrative claim with the DEA.  Accordingly, the DEA referred the claim to the U.S. Attorney's Office for judicial forfeiture proceedings.

2.      On January 27, 2023, the United States filed a Verified Complaint for Forfeiture in Rem [1], alleging that the Defendant Property is subject to forfeiture under 21 U.S.C. § 881, 18 U.S.C. §§ 981(a)(1)(A) and (C), and 31 U.S.C. § 5332(c).

3.      The Declaration in Support of the Verified Complaint [1-1], executed by Robert Drace, DEA Task Force Officer, was attached to the Verified Complaint [1] as Exhibit A.  The Declaration established the probable cause for the seizure of the Defendant Property and, pursuant to Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, stated "sufficiently detailed facts to support a reasonable belief that the

government will be able to meet its burden of proof [to establish, by a preponderance of the evidence, that the property is subject to forfeiture] at trial." *See* Rule G(2)(f); 18 U.S.C. § 981(c)(1).

4. On January 27, 2023, the Court issued a Warrant of Arrest in Rem [4], which was executed that same day and filed on February 8, 2023. *See* Executed Warrant Return, ECF No. 5.

5. Under Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States served direct written notice of this civil asset forfeiture action, including copies of the Verified Complaint for Forfeiture in Rem [1], and Notice of Complaint for Forfeiture [2], to Cigifredo Rosales-Valenzuela, the only potential claimant reasonably known to the United States, as evidenced by the United States' Proof of Service [7].

6. Beginning on January 28, 2023, the United States published for thirty (30) consecutive days on an official government internet website at www.forfeiture.gov, notice of the instant case, as evidenced by the Proof of Publication [6].

7. The aforementioned publication and direct notices informed Cigifredo Rosales-Valenzuela and all other persons or entities, known or unknown, having or claiming an interest in the Defendant Property that the Defendant Property had been arrested and that this instant civil forfeiture action was pending. The publication and direct notices also informed said persons and entities that they had thirty-five (35) days after being sent direct notice or sixty (60) days after the first date of the published notice to file a claim, and twenty (21) days thereafter to file an answer. Furthermore, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions, and

warned that if this Supplemental Rules were not strictly followed, the Court could strike any claim and answer and enter default judgment of forfeiture or summary judgment against any improperly claimed interest in the Defendant Property.

8. The United States took all reasonable measures to ensure that Cigifredo Rosales-Valenzuela and all other possible claimants received such notice in a timely fashion.

9. As of this date, no claims, answers, or appearances have been filed to assert an interest in the Defendant Property, or to otherwise defend against this instant forfeiture action, by Cigifredo Rosales-Valenzuela or any other person or entity. Thus, the time pursuant to Supplemental Rule G, for Cigifredo Rosales-Valenzuela or any other person or entity to file a valid claim or answer in this action has lapsed.

10. As such, Cigifredo Rosales-Valenzuela and all other possible claimants are in total default; the Clerk of Court's March 31, 2023, Entry of Default [9] was proper; and the United States is entitled to a default judgment of forfeiture against the full interests of Cigifredo Rosales-Valenzuela and all other persons and entities in the Defendant Property, all without the necessity of further notice to Cigifredo Rosales-Valenzuela or any other person or entity.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:

a. The United States of America is hereby given a default judgment of forfeiture against the full interests of Cigifredo Rosales-Valenzuela and all other persons and entities in the Defendant Property described below:

| Asset ID | Asset Description |
| --- | --- |
| 22-DEA-694635 | $12,200.00 U.S. Currency |

b. Any administrative claims or interests therein of any entities or persons, including Cigifredo Rosales-Valenzuela and any other possible claimant are hereby canceled;

   c. The Defendant Property is referred to the custody of U.S. Marshals Service and/or the Drug Enforcement Administration for disposition in accordance with the relevant law and regulations.

  SO ORDERED AND ADJUDGED, this 25th day of April 2023.

                _____
                TAYLOR McNEEL
                UNITED STATES DISTRICT JUDGE